1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  DANIEL N. KASSABIAN (CABN 215249)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone:   (415) 436-7034
7      Facsimile:    (415) 436-7234
       daniel.kassabian@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                            OAKLAND DIVISION
12

13 | UNITED STATES OF AMERICA,          ) CASE NO. CR 23-00201-YGR
                                       )
14 |     Plaintiff,                     ) DETENTION ORDER
                                       )
15 |   v.                               )
                                       )
16 | ELBIN SALVADOR ARCHAGA-AYESTAS,   )
                                       )
17 |     Defendant.                    )
                                       )

18

19       On June 29, 2023, defendant Elbin Salvador Archaga-Ayesta was charged by indictment with

20 distribution of 40 grams and more of a mixture or substance containing a detectable amount of fentanyl,

21 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). This matter came before the Court on July 27, 2023,

22 for a detention hearing. Assistant United States Attorney Daniel N. Kassabian represented the

23 government. The defendant was present and represented by Assistant Federal Public Defender Elisse

24 M. Larouche. Pretrial Services prepared pre-bail reports [ECF 15 & 17]. The government moved for

25 detention and filed a memorandum in support of its motion [ECF 18]; the defendant opposed. At the

26 hearing, counsel submitted proffers and arguments regarding detention.

27       Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28 the record, the Court finds by a preponderance of the evidence that no condition or combination of

DETENTION ORDER                1
CR 23-00201-YGR

conditions will reasonably assure the appearance of the person as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: the weight of the evidence against the defendant; the defendant is facing a significant sentence; the defendant lacks stable employment; the defendant's family ties outside the United States, including his immediate family and child in the Honduras; the defendant's use of several aliases; the defendant's lack of legal immigration status in the United States. The Court further agrees with Pretrial Services' conclusion that the proposed sureties identified in the prebail reports are not appropriate bail resources given their lack of ability to be financially responsible for the defendant, their lack of longstanding ties to the District, or their lack of longstanding ties to the defendant. This finding is made without prejudice to the defendant's right to seek review of his detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 3, 2023

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

2096-1911-5008, v. 1